UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SWANSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENIS MCDONOUGH, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:24-cv-00771 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons explained below, it dismisses the complaint without prejudice.

Plaintiff, a resident of Salem, Oregon, sues the Secretary of the Department of Veterans Affairs ("VA"). Compl. at 1–2. The complaint is rambling and quite difficult to follow. As far as it can be understood, plaintiff challenges the VA's denial, on November 1, 2023, of his claims for medical services and disability benefits. *See id*. at 4–5. He seeks "retro active benefits back to 2014," *id.* at 4, and additional damages for alleged resulting violations to his constitutional rights, *see id.* at 1, 3–5.

First, the complaint fails to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claims being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (cleaned up), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up).  The instant complaint falls squarely within this category.

Second, challenges to decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit.  *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam) (citing 38 U.S.C. § 511(a)); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors."  38 C.F.R. § 20.3(e); *see Van Allen v. Dep't of Veterans Affairs*, 925 F. Supp. 2d 119, 125 (D.D.C. 2013) (holding that federal "[d]istrict courts are explicitly deprived of jurisdiction to review any claim made by the VA 'that affects the provision of benefits . . . to veterans' ") (quoting 38 U.S.C. § 511).

Therefore, this court lacks "subject matter jurisdiction over the complaint." *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see id*. at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases)); *see also*

*Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted).  And, relevant here, "to the extent [p]laintiff attempts to couch his claims for benefits as a deprivation of constitutional rights, that maneuver cannot rescue him from dismissal."  *Sharp v. Wilkie*, No. 19-1188, 2020 WL 888571, at *2 (D.D.C. Feb. 24, 2020) (internal quotation marks and citation omitted) (collecting cases).

      Accordingly, this action is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:   April 29, 2024

                                                *Tanya S. Chutkan*
                                              TANYA S. CHUTKAN
                                              United States District Judge